# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| GENOVEVA RAMIREZ LAGUNA, ) | |
| ) | |
| *Plaintiff,* ) | Case No. 1:17-cv-06695 |
| ) | |
| v. ) | Honorable Judge Rebecca Pallmeyer |
| ) | |
| DEPARTMENT OF HOMELAND ) | |
| SECURITY, U.S. CITIZENSHIP AND ) | |
| IMMIGRATION SERVICES (USCIS); ) | |
| ELAINE DUKE, Acting Secretary, ) | |
| Department of Homeland Security; JAMES ) | |
| McCAMENT, Acting Director, USCIS; ) | |
| DONALD NEUFELD, Associate Director ) | |
| of Service Center Operations, U.S. ) | |
| IMMIGRATION AND CUSTOMS ) | |
| ENFORCEMENT (ICE); THOMAS ) | |
| HOMAN, Acting Director of ICE; ) | |
| RICARDO WONG, ICE Field Office ) | |
| Director, Chicago Area of Responsibility, ) | |
| ) | |
| *Defendants.* ) | |

## Report of the Parties' Planning Meeting

1. **Meeting.** Pursuant to FED. R. CIV. P. 26(f), a meeting was held via telephone and email on October 5-6, 2017, and was attended by :

   Katherine Melloy Goettel
   National Immigrant Justice Center
   208 South LaSalle Street, Suite 1300
   Chicago, Illinois 60604
   Tel: (312) 660-1335
   Email: kgoettel@heartlandalliance.org
   *Counsel for Plaintiff*

   W. Manning Evans
   Senior Litigation Counsel
   Office of Immigration Litigation – District Court Section
   U.S. Department of Justice, Civil Division

P.O. Box 868, Benjamin Franklin Stn.
Washington DC  20044
(202) 616-2186
Manning.Evans@usdoj.gov

2. **Nature of the Case**

   a. The case involves the following claims and counterclaims:

**Plaintiff's Claims:**

Plaintiff Genoveva Ramirez Laguna seeks an Order from this Court to compel the government defendants to adjudicate her application for a "U" visa or make a *prima facie* determination regarding her eligibility for a U visa.

Defendant ICE has informed Ms. Ramirez that she must depart the United States no later than October 26, 2017, or be forcibly deported. Ms. Ramirez has an avenue to stay here through a "U" visa, which is intended for immigrant victims of crime who cooperate with law enforcement in the investigation or prosecution of such crimes. 8 U.S.C. § 1101(a)(15)(U). Ms. Ramirez was the victim of a violent break-in in her home in 2015 in which the perpetrators physically assaulted her and her grandson. Thus, she is statutorily eligible for a U visa and filed a U visa application more than a year ago, in September 2016.

There is little likelihood that Defendant U.S. Citizenship and Immigration Services (USCIS) will adjudicate her U visa application before the end of October due to an ever-increasing backlog of applications. Accordingly, Ms. Ramirez asks the Court to find that USCIS has not adjudicated her U visa "within a reasonable," 5 U.S.C. § 555(b), and to order USCIS to promptly adjudicate her U visa application under the APA. *See* 5 U.S.C. § 706(1) (a reviewing court shall "compel agency action unlawfully withheld or unreasonably delayed").

Alternatively, Ms. Ramirez asks the Court to issue an order under 28 U.S.C. § 1361 (mandamus statute) and 5 U.S.C. § 701 (APA) to compel the government defendants to make a

*prima facie* determination that she is eligible for a U visa, as contemplated by 8 U.S.C. § 1227(d)(1). Section 1227(d)(1) states, "If the Secretary of Homeland Security determines that [a U visa application] sets forth a *prima facie case for approval*, the Secretary may grant the alien an administrative stay of a final order of removal . . . ." (emphasis added). ICE has not asked USCIS to make a *prima facie* determination as set forth in the statute and ICE's own policy memo. *See* Memorandum, David Venturella, ICE Acting Director to ICE Field Office Directors, *Guidance: Adjudicating Stay Requests Filed by U Nonimmigrant Status (U-visa) Applicants*, Sept. 24, 2009, https://www.ice.gov/doclib/foia/dro_policy_memos/11005_1-hd-stay_requests_filed_by_u_visa_applicants.pdf. According to the September 2009 ICE Memo, any time a U visa applicant asks ICE to stay his or her removal—as Ms. Ramirez did in May 2017—ICE must ask USCIS to make a *prima facie* determination of U visa eligibility. If USCIS finds that the applicant is *prima facie* eligible for a U visa, ICE "should view a Stay [of removal] request favorably, unless serious adverse factors exist." *Id.* at 3. But here, ICE never requested a *prima facie* determination of U visa eligibility before denying Ms. Ramirez's stay, nor has USCIS independently made a *prima facie* determination.

**Defendants' Claims:**

Defendants will dispute whether Plaintiff has stated any claim for relief, but they do not anticipate at this time filing a counterclaim against Plaintiff.

b.  The basis for federal jurisdiction is:

Plaintiff contends that this Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 (federal question), as it arises under the Administrative Procedure Act ("APA"), 5 U.S.C. § 702, and the federal mandamus statute, 28 U.S.C. § 1361. To the extent that jurisdiction exists, the United States' sovereign immunity is waived according to the terms of the APA, 5

U.S.C. § 702. Defendants contend that the Court's jurisdiction is precluded under 8 U.S.C. § 1252(a)(5), (b)(9), and (g), to the extent that Plaintiff seeks review of decisions regarding her removability from the United States as an alien.

3. **Pre-trial Schedule**. Plaintiff proposes to the court the following discovery plan:

    a. Discovery will be needed on the following subjects:

    - Defendant USCIS' policies and procedures for adjudicating U visas where Defendant ICE has given the U visa applicant a firm date on which he or she must depart or be forcibly deported.

    - ICE's policies and procedures for requesting a *prima facie* determination of a U visa application from USCIS, as discussed at 8 U.S.C. § 1227(d)(1).

    - USCIS's policies and procedures for making a *prima facie* determination of a U visa application as discussed at 8 U.S.C. § 1227(d)(1).

    Defendants contend that discovery is not appropriate in this failure-to-act APA/mandamus case, as Plaintiff has failed to state a claim on which relief can be granted and, even if Plaintiff has stated a claim, the case should be decided based on (1) the law determined to impose on Defendants (contrary to their contentions) a relevant duty and (2) the administrative record.

    b. Defendants contend that as an APA proceeding, the case is exempt from initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(B)(i), and are prepared to submit an administrative record within thirty days of the Court ruling on Defendants' forthcoming motion to dismiss, and that Plaintiff may move to supplement the administrative record in accordance with applicable standards.

Plaintiff contends that disclosures pursuant to FED. R. CIV. P. 26(a)(1) are required and should be made thirty days after the Court rules on Defendants' forthcoming motion to dismiss. Plaintiff further contends that this is not an arbitrary-and-capricious record review case under the APA, 5 U.S.C. § 706(2), but an unreasonable delay case under the APA 5 U.S.C. §§ 555(b) & 706(1) and the federal mandamus statute, 28 U.S.C. § 1361.

All discovery, if any, or briefing on supplementation of the administrative record, shall be commenced in time to be completed by 120 days after the Court rules on Defendants' forthcoming motion to dismiss.

c.  The parties have discussed discovery of electronically stored information ("ESI"). While Defendants maintain that discovery is not appropriate in this failure-to-act APA/mandamus case, he parties acknowledge their obligation to take reasonable and proportionate steps for preserving relevant and discoverable ESI within their possession, custody, or control. The parties acknowledge, further, that requests for ESI, and responses to those requests, must be reasonably targeted, clear, and as specific as practicable.

Should the Court permit discovery, the parties will confer further regarding the scope of disclosure and production obligations.

The parties propose the following methodologies for identifying ESI, eliminating duplicative ESI, developing filters or keywords for searches: Should the Court permit discovery over Defendants' objections to discovery, and if Plaintiff's discovery requests cover ESI in a manner requiring a search or searches of electronic data, the parties will confer regarding methodologies and methods of production.

c. Plaintiff expects she will need approximately four depositions. Defendants do not anticipate any need for depositions and maintain that they are not appropriate in this failure-to-act APA/mandamus case.

d. Reports from retained experts under Rule 26(a)(2) due:

From plaintiff: Plaintiff does not anticipate a need for expert witnesses, but if needed, will submit an expert report 90 days after the Court rules on Defendants' forthcoming motion to dismiss.

From defendant[s]: Defendants do not anticipate any need for expert witnesses and maintain that they are not appropriate in this failure-to-act APA/mandamus case. To the extent the Court nevertheless allows discovery to proceed, and Plaintiff submits a report from an expert witness under Rule 26(a)(2), Defendants reserve the right to submit an expert report in response within 30 days of receipt of Plaintiff's report.

e. All potentially dispositive motions should be filed within six months after the Court rules on Defendants' forthcoming motion to dismiss.

**4. Trial Schedule**

The parties will file a supplemental status report regarding trial dates following completion of discovery.

**5. Expected Evidentiary Proceedings**

Defendants assert that, if this Court finds jurisdiction, the matter should be adjudicated on an administrative record and no evidentiary hearing is warranted or appropriate. Plaintiff states that this case may proceed to a 1-2 day bench trial.

6. **Settlement.**

At least 7 days prior to the Rule 16[b] scheduling conference, plaintiff is directed to make a written settlement demand to the defendants. At least 3 days prior to the scheduling conference defendants are to respond in writing to the plaintiff's settlement demand.

7. **Consent.** The parties do not consent unanimously to proceed before a Magistrate Judge.


Date: October 6, 2017                              Respectfully submitted,

s/ Katherine Melloy Goettel                         CHAD A. READLER
KATHERINE MELLOY GOETTEL                            Acting Assistant Attorney General
NATIONAL IMMIGRANT JUSTICE CENTER                   Civil Division
208 South LaSalle Street, Suite 1300
Chicago, Illinois 60604                             WILLIAM C. PEACHEY
Tel: (312) 660-1335                                 Director
Fax: (312) 660-1505                                 Office of Immigration Litigation
Email: kgoettel@heartlandalliance.org               District Court Section

                                                    JEFFREY S. ROBINS
                                                    Assistant Director
                                                    Office of Immigration Litigation

                                                    s/ W. Manning Evans
                                                    W. MANNING EVANS
                                                    Senior Litigation Counsel
                                                    Office of Immigration Litigation – DCS
                                                    U.S. Dep't of Justice, Civil Division
                                                    P.O. Box 868, Benjamin Franklin Stn.
                                                    Washington DC  20044
                                                    Tel: (202) 616-2186
                                                    Fax: (202) 305-4829
                                                    Manning.Evans@usdoj.gov